UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| JEROME KEITH BEASLEY, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | CIVIL ACTION |
| RICHARD TURNER, and THE CITY OF LEWISBURG, TENNESSEE, | ) ) ) ) | CASE NO._____ |
| *Defendants.* | | |

## COMPLAINT

1. Jerome Keith Beasley ("Plaintiff" or "Mr. Beasley") brings this action for declaratory and injunctive relief and damages against Defendant Richard Turner ("Turner") and Defendant City of Lewisburg, Tennessee, ("City" or "Lewisburg") by and through the Lewisburg Electric System ("LES") pursuant to 42 U.S.C §§ 1981 and 1983.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial District.

### PARTIES

4. Plaintiff Jerome Keith Beasley is a 47 year-old African-American male who resides in Lewisburg, Tennessee.

1

5. Defendant Richard Turner was at all times relevant to this Complaint the General Manager of the LES in Lewisburg, Tennessee. In his capacity as General Manager, Defendant Turner was the chief official and final decision-maker responsible for policymaking, policy implementation, management, and supervision at the LES. He is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for damages. At all times relevant to this Complaint, Defendant Turner acted under color of State law.

6. Defendant City of Lewisburg ("Lewisburg") is a municipal corporation organized under the Constitution and laws of the State of Tennessee. Pursuant to the Municipal Electric Plant Law of 1935, Tenn. Code Ann. §§ 7-52-101, *et seq.*, the City of Lewisburg operates the Lewisburg Electric System. *See generally* Tenn. Code Ann. § 7-52-103 (2013). At all times relevant to this Complaint, Defendant Lewisburg acted under color of State law.

### FACTUAL ALLEGATIONS

7. Mr. Beasley has been an employee of the Lewisburg Electric System ("LES") since 1996.

8. He is one of only two African-American employees who have worked full-time for LES during this eighteen-year period.

9. Mr. Beasley has consistently been paid less than similarly situated white LES employees, despite the fact that until January 2014, he performed additional, specialized duties that entitled him to a $2.00 per hour pay increase.

10. Mr. Beasley's disparate pay and the absence of other African-American employees at LES is no accident. Rather, it is the product of a decades-long pattern, practice, and policy of overt, intentional racial discrimination in hiring, transfer, and promotion decisions by the City of Lewisburg and the General Manager of LES, Defendant Turner.

11.	For example, when deciding whether to interview a job applicant, Defendant Turner would first ask his staff the applicant's race. If the applicant was non-white, Turner would regularly refuse to interview the applicant.

12.	When making requests for temporary staffing needs to outside agencies, Defendant Turner stated explicitly that he did not want any African-American or Latina candidates referred to him.

13.	Defendant Turner explained to LES office staff his reasons for refusing to interview non-white job applicants as follows: "I got a nigger in the front and a nigger in the back. That's all I need." Mr. Beasley was one of the people Defendant Turner was referencing in this statement.

14.	On other occasions, Defendant Turner would refer to Ms. Beasley and the other African-American employee at LES as "my niggers" during conversations with LES staff and supervisory employees.

15.	Defendant Turner's unapologetic use of racial epithets was so frequent and public an occurrence in the LES office that other employees, including Mr. Beasley, were aware of it.

16.	In addition to his overt racial discrimination in the application process, Defendant Turner regularly failed to post announcements for job openings, transfers, and promotions, notwithstanding the fact that LES's written policies required him to do so.

17.	Instead, Defendant Turner regularly handpicked white staff, employees, and supervisors from the Lewisburg community, thus depriving qualified, non-white candidates of the opportunity to apply and be considered for work at LES.

3

18. In one instance, Defendant Turner hand-selected a white employee with fewer years of experience than Mr. Beasley for a transfer to a position with more favorable working conditions.

19. Similarly, Defendant Turner repeatedly hired and promoted less-qualified white applicants and employees instead of the only other full-time African-American employee at LES. Notwithstanding her relative seniority and experience, she was never considered for advancement by Mr. Turner.

20. When Mr. Beasley learned in late 2013 of an opening for a promotion to a warehouse manager position for which he was qualified, he approached Defendant Turner to ask that a letter be placed in his personnel file expressing his interest in being considered for the promotion.

21. Defendant Turner indicated he would place the letter in Mr. Beasley's file, but he did not.

22. Just weeks later, Defendant Turner demoted Mr. Beasley by cutting his pay and transferring his responsibilities away from the specialized machinery he had operated for the past several years.

23. Defendant Turner placed no documentation into Mr. Beasley's personnel file explaining the reasons for stripping him of his responsibilities and cutting his pay.

24. Mr. Beasley, through counsel, requested various public records, including his personnel file, pursuant to the Tennessee Public Records Act. *See* Tenn. Code Ann. § 10-7-503(a).

4

Case 1:14-cv-00148   Document 1   Filed 11/18/14   Page 4 of 8 PageID #: 4

25. Mr. Beasley subsequently filed a complaint with the Equal Opportunity Employment Commission ("EEOC") alleging unlawful race discrimination by Defendant Turner and the City of Lewisburg.

26. After Mr. Beasley exercised these rights, Defendant Turner instructed one or more subordinates to have a mechanic examine the machinery Plaintiff previously operated in order to substantiate a false allegation that Mr. Beasley intentionally or recklessly destroying the machinery.

27. Defendant Turner's actions were in direct retaliation for Mr. Beasley's public records request and EEOC complaint.

28. The City of Lewisburg – by and through members of the Lewisburg Power Board – was placed on notice no later than 2011 that Defendant Turner was alleged to have frequently engaged racial harassment and discrimination in his duties as General Manager at LES.

29. In addition, the City of Lewisburg, by and through the Lewisburg Power Board, had notice no later than 2011 of Mr. Turner's sexual harassment and sex discrimination of other female employees at LES.

30. His continued employment and management of LES, notwithstanding Lewisburg's knowledge of his illegal activities, lent Defendant Turner an aura of invincibility that prevented Mr. Beasley and other employees from coming forward to complain of his illegal conduct.

31. The City failed to perform any investigation or take corrective action, notwithstanding its actual or constructive knowledge of Defendant Turner's unlawful conduct.

### CLAIMS FOR RELIEF
#### Count I
#### 42 U.S.C. § 1981 – Intentional Discrimination, Retaliation

5

Case 1:14-cv-00148   Document 1   Filed 11/18/14   Page 5 of 8 PageID #: 5

32. All previous paragraphs are incorporated as though fully set forth herein.

33. Plaintiff experienced the pervasive use of racial slurs in the workplace and racial discrimination by Defendant Turner.

34. Plaintiff neither invited nor welcomed Defendant Turner's conduct.

35. Defendant Turner's conduct was so severe and pervasive that a reasonable person in Mr. Beasley's position would find his work environment hostile or abusive.

36. Mr. Beasley believed his work environment to be hostile or abusive as a result of Defendant Turner's pervasive use of racial slurs in the workplace.

37. Defendants Turner and the City of Lewisburg paid Mr. Beasley less than similarly situated white employees, notwithstanding his operation of specialized machinery that qualified him for a $2 per hour pay increase, for a period of not less than six years prior to January 2014.

38. Mr. Beasley's African-American race was a motivating factor in his discriminatory pay.

39. Defendants Turner and the City of Lewisburg demoted Mr. Beasley in January of 2014 by stripping him of his responsibilities for operating specialized machinery and reducing his pay

40. By demoting Mr. Beasley, Defendants Turner and the City of Lewisburg also made it virtually impossible for him to attain the promotion in which he previously expressed interest.

41. Mr. Beasley's African-American race was a determining factor in Defendants' actions.

6

42. Plaintiff engaged in activity protected by 42 U.S.C. § 1981 by asking Defendant Turner to add a letter to his personnel file noting his interest in a promotion, and by seeking his personnel file through the Tennessee Public Records Act.

43. Defendants did not attempt to introduce into Plaintiff's personnel file any non-discriminatory reason for demoting Plaintiff until after learning Mr. Beasley had requested public records and filed an EEOC charge.

44. Defendants' actions in demoting Plaintiff and seeking to introduce adverse information into his personnel file after he engaged in activities protected by Section 1981 constituted unlawful retaliation.

45. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continued to suffer damages.

## Count II
### 42 U.S.C. § 1983 – Fourteenth Amendment - Equal Protection

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Mr. Beasley is a member of a constitutionally protected class because he is African-American.

48. Mr. Beasley was paid differently, considered for promotions differently, and demoted in a manner that was different than similarly situated employees who were not African-American.

49. Mr. Beasley was subjected to adverse employment action in the form of demotion, refusal of promotion opportunities, and disparate pay.

50. Mr. Beasley was qualified for the position from which he was demoted as well as for the position to which he sought a promotion.

51. Defendants treated similarly situated white employees more favorably than Mr. Beasley.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully seeks the following relief:

A. Enter a declaratory judgment that Defendants violated Plaintiff's rights under the United States Constitution and civil rights laws;

B. Award Plaintiff permanent injunctive relief, including reinstatement, promotion to Warehouse Manager, and back pay;

C. Award Plaintiff nominal, compensatory, and punitive damages in an amount to be determined at trial;

D. Award Plaintiff pre-judgment and post-judgment interested as allowed by law;

E. Award Plaintiff reasonable costs, expenses and attorneys' fees; and

F. Grant such further relief as this Court deems just and appropriate.

Dated: November 18, 2014                Respectfully submitted,

*[signature]*

**R. ANDREW FREE, TN BPRN 030513**
LAW OFFICE OF R. ANDREW FREE
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 432-2642 (office)
(615) 244-4345 (fax)
Andrew@ImmigrantCivilRights.com

*Counsel for Plaintiff*